UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES JOVAN HARRIS,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>STATE OF NEVADA, et al.,<br>　　　　　　　　　Defendants. | Case No. 3:23-cv-00358-ART-CLB<br><br>ORDER |

On March 30, 2024, the Court issued an order screening Plaintiff James Jovan Harris's first amended complaint and referring this case to the Court's Inmate Early Mediation Program. (ECF No. 11). The Court subsequently issued an order setting a mediation conference, but that order came back as undeliverable to Plaintiff. (ECF Nos. 13, 14). On April 26, 2024, the Court issued an order directing Harris to file his updated address with the Court by May 26, 2024. (ECF No. 16). The Court warned Harris that the action could be dismissed if he failed to file his updated address by that deadline. (*Id.* at 2). The Court's order again came back as undeliverable. (ECF No. 17). The May 26, 2024, deadline has passed, and Harris did not file his updated address with the Court.

**I.   DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the

1   public's interest in expeditious resolution of litigation; (2) the Court's need to
2   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
3   favoring disposition of cases on their merits; and (5) the availability of less drastic
4   alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
5   1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th
6   Cir. 1987)).

7   The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Harris's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

15  The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Harris files his updated address with

the Court, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: the Court's last two orders have come back as undeliverable, and there is no reason to believe that Harris would even receive a second order setting another deadline. Setting a second deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Harris's failure to file his updated address in compliance with this Court's April 26, 2024, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Harris wishes to pursue his claims, he must file a complaint in a new case.

Harris's application to proceed *in forma pauperis* (ECF No. 7) is denied as moot.

DATED THIS 30th day of August 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3